**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: UNASSIGNED

|  |  |  |
|---|---|---|
| ALPI INTERNATIONAL, LTD. | x : | |
| Plaintiff, | : : | Court No. 21-00064 |
| v. | : : : | |
| UNITED STATES, | : | **COMPLAINT** |
| Defendant. | : : | |
| _____ | x | |

Plaintiff, ALPI INTERNATIONAL, LTD., by its attorneys, Stein Shostak Shostak Pollack & O'Hara, LLP, complains of Defendant, the United States, and alleges as follows:

## JURISDICTION

1. This Court's jurisdiction arises under 28 U.S.C. §1581(a), and this action is filed within the time limits prescribed by 28 U.S.C. §2636(a)(1).

2. On December 23, 2019, through its attorneys, Plaintiff timely filed Protest No. 2809-19-102024 at the Port of San Francisco, California, contesting the decision by U.S. Customs and Border Protection (CBP) to classify SQUEEZIES® stress toys not "shaped like a ball" as ornamental plastic statuettes under HTSUS 3926.40.0090.

3. On September 17, 2020, CBP denied the protest.

4. On March 5, 2021, Plaintiff filed the instant summons within the time prescribed by law.

5. All duties and taxes are paid.

6. The Court's jurisdiction over all or part of the subject matter of this action based upon Plaintiff challenge to CBP's classification decision.

## **PARTIES**

7. Plaintiff is a California corporation with its principal place of business in Richmond, California, and is the importer of record of the subject merchandise.

8. Defendant, United States, is the proper party for decisions taken by CBP, a constituent agency of the U.S. Department of Homeland Security.

## **STANDING**

9. Plaintiff is the real party in interest and on this basis has standing to bring this action.

10. Plaintiff's claims are within the "zone of interests" of the underlying statute, 19 U.S.C. §1514(a), which provides for judicial review of classification disputes or disputes over exactions and other charges imposed by CBP.

## **FACTUAL BACKGROUND**

11. Since approximately 1983, Plaintiff has continuously imported and sold toys in the United States.

12. SQUEEZIES® are constructed from polyurethane in a variety of shapes, colors, and designs.

13. Plaintiff has displayed SQUEEZIES® and other toy products at the annual American International Toy Fair in New York City.

14. Plaintiff registered the SQUEEZIES® word mark under International Class 028 as "soft sculpture toys."

15. All SQUEEZIES® are advertised as toys.

16. All SQUEEZIES® for retail sale are sold in toy departments.

17. All SQUEEZIES® are tested to meet safety requirements for children's toys.

Court No. 21-00064

18.  Since approximately 1993, Plaintiff purchased, imported, and classified all SQUEEZIES® under HTSUS 9503.00.0090 (toys).

19.  On multiple occasions from approximately 1993 through October 2019, including on July 11, 2018, CBP officers at various ports examined SQUEEZIES®, readily released the shipments, and never proposed or took a rate advance of the entries or otherwise claimed the entered classification was incorrect.

20.  Prior to November 2019, CBP always liquidated SQUEEZIES® entries "no change" or "as entered" under HTSUS 9503.00.0090.

21.  In November 2019, for the first time, CBP rate advanced numerous entries of SQUEEZIES® and changed the classification of SQUEEZIES® not "shaped like a ball" to HTSUS 3926.40.0090 (plastic statuettes and other ornamental articles).

22.  To comply with CBP's new classification decisions, for entries filed after November 2019, ALPI classified SQUEEZIES® not "shaped like a ball" under HTSUS 3926.40.0090.

## **COUNT I**

(Incorrect Classification Decision)

23.  Plaintiff repeats and incorporates paragraphs 1 through 22 by reference, as though fully stated herein.

24.  All the instant imported SQUEEZIES® are properly classified under HTSUS 9503.00.0090 regardless of their shape because the principal use of all SQUEEZIES® is as a toy.

Court No. 21-00064

25. None of the instant imported SQUEEZIES® are classified under HTSUS 3926.40.0090 because they are all more accurately described in HTSUS 9503.00.0090.

## COUNT II

(Failure to Afford Treatment Previously Accorded under 19 U.S.C. § 1625(c))

26. Plaintiff repeats and incorporates paragraphs 1 through 22 by reference, as though fully stated herein.

27. Over the 2–year period immediately preceding November 2019, including following an examination on July 11, 2018, on a national basis, CBP consistently liquidated all SQUEEZIES® regardless of their shape under HTSUS 9503.00.0090.

28. CBP failed to afford the instant imported SQUEEZIES® not "shaped like a ball" this treatment previously accorded to all SQUEEZIES® regardless of their shape by instead for the first time classifying the instant imported SQUEEZIES® not "shaped like a ball" under HTSUS 3926.40.0090.

## COUNT III

(Violation of Established and Uniform Practice under 19 U.S.C. § 1315(d))

29. Plaintiff repeats and incorporates paragraphs 1 through 22 by reference, as though fully stated herein.

30. From 1993 through October 2019, including following several examinations, in hundreds of entries, CBP consistently and uniformly classified all SQUEEZIES® regardless of their shape under HTSUS 9503.00.0090.

31. CBP violated this established and uniform practice by instead liquidating the instant imported SQUEEZIES® not "shaped like a ball" under HTSUS 3926.40.0090.

Court No. 21-00064

**RELIEF**

32. WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in its favor; hold that all SQUEEZIES® regardless of shape are classified under HTSUS 9503.00.0090, and refund the duties to ALPI together with interest as provided by law; or

(b) Enter judgment in its favor; hold that CBP failed to afford treatment previously accorded to SQUEEZIES® not "shaped like a ball" by not classifying them under HTSUS 9503.00.0090, and refund the duties to ALPI together with interest as provided by law; or

(c) Enter judgment in its favor; hold that CBP violated its established and uniform practice by not liquidating SQUEEZIES® not "shaped like a ball" under HTSUS 9503.00.0090, and refund the duties to ALPI together with interest as provided by law; and

(d) Award costs, attorneys' fees and other such relief as the court deems equitable and just.

Dated: November 12, 2021                    Respectfully submitted,

By:     /s/ Christopher J. Duncan
Christopher J. Duncan, Esq.
Stein Shostak Shostak Pollack & O'Hara
Attorneys for Plaintiff
865 South Figueroa Street, Suite 1388
Los Angeles, California 90017
Telephone: (213) 630-8888
Fax: (213) 630-8890
E-Mail: cduncan@steinshostak.com